IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVAN BIESECKER, by his Guardians and Next Friends, Wayne and Angela Biesecker, and Wayne and Angela, Individually,<br>    Plaintiffs | : : : : : : | CIVIL ACTION |
| vs. | : : | NO. 17-2586 |
| CEREBRAL PALSY ASSOCIATION, CHESTER COUNTY DISABILITIES SERVICES, et al.,<br>    Defendants | : : : : | |

# M E M O R A N D U M

**STENGEL, C. J.**                                                                               **March 15, 2018**

Evan Biesecker, by his guardians and next friends, Wayne and Angela Biesecker, and Wayne and Angela, individually, filed this action *pro se* against many defendants alleging that they discriminated against Evan by providing him with less effective treatment and services due to his significant and complex disabilities. Defendants Thomas Earle and Stephanie Johnson[1] filed a motion to partially dismiss the complaint

---

[1] The complaint indicates that Mr. Earle is the CEO of Liberty Resources, and Ms. Johnson is the Assistant Director of Quality Assurance at Liberty Resources. See Compl. ¶ 28. It further indicates that Liberty Resources is the contracted administrative entity for the Office of Long Term Living, Omnibus Budget Reconciliation Waiver. In their motion to dismiss, the defendants indicate that Liberty Resources, Inc., is a not-for-profit organization located in Philadelphia, Pennsylvania that advocates and promotes independent living for all persons with disabilities. They confirm that Mr. Earle is the CEO, but indicate that Ms. Johnson was Liberty's former Quality Management Director, and has not been employed by Liberty Resources since July 2014. The defendants also indicate that, as the administrative entity, Liberty Resources had no direct relationship with and provided no services to Evan Biesecker, and had no direct relationship to his parents. Liberty Resources acted solely in an administrative capacity, and provided services such as recruitment of providers, negotiation of rates, review/approval of enrollment paperwork, and fiscal monitoring. I note that Liberty Resources is not named as a defendant.

for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the motion in its entirety, dismiss Mr. Earle and Ms. Johnson as defendants in this action, and grant the plaintiffs leave to amend the complaint.

## I. BACKGROUND[2]

Evan Biesecker is a thirty-one year old adult who lives with his parents in Pottstown, Pennsylvania. Evan has been determined eligible for Intermediate Care Facilities – Individuals with Developmental Disabilities ("ICF/IDD") waiver services in Montgomery County. Evan has been diagnosed with bilateral profound deafness, intellectual disability, autism, and seizure disorder. He can read and understand roughly at a first-grade level. As such, Evan is an otherwise qualified handicapped individual under the Rehabilitation Act of 1973, and a qualified individual with disabilities under the Americans with Disabilities Act.

Before moving to Pottstown, Evan and his family lived in Chester County. In 2007, at the age of 22, Evan was determined eligible for the OLTL OBRA Waiver, and was enrolled by the Cerebral Palsy Association of Chester County. At the time of enrollment, Evan required and still requires the services of sign language interpreters, and intensive communication support. The complaint alleges that Evan was not provided a sign language interpreter or assistive technology communications supports. He was not

---

[2] The facts are gleaned from the complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiffs, as the non-moving parties, and are accepted as true with all reasonable inferences drawn in their favor.

assigned a representative. He was not provided an Independent Support Plan team, and was not allowed to participate in the Person-Centered Planning process.

Ms. Biesecker continued to advocate for her son Evan, and contacted many individuals and agencies throughout Chester County to secure more services for Evan, but was met with resistance and opposition. One agency advised the family to move out of Chester County because it was evident that Chester County would continue to be retaliatory towards Evan and his family. The family moved to Montgomery County and began the process of securing services there. One of the advocate groups contacted in Montgomery County informed the family that the reason Evan did not receive services in Chester County was because he was "blackballed." Apparently, the Chester County agencies retaliated against Evan because Ms. Biesecker had asked for and received a meeting with Secretary Beverly Mackereth of the Department of Human Services (formerly the Department of Public Welfare) for the Commonwealth of Pennsylvania.

The complaint alleges in Count III that all of the defendants, including the movants, have deprived Evan of his rights guaranteed by Title XIX of the Social Security Act by: (a) failing to assure the provision of the home and community-based services to which Evan is entitled as a beneficiary of the OBRA Waiver and the AAW with reasonable promptness; (b) failing to assure that Evan obtained home and community based services from providers qualified to perform the services he required; (c) failing to take necessary safeguard to protect the health and welfare of Evan while he received home and community based waiver services; and (d) allowing the arbitrarily denial and

3

reduction in the amount, duration, and scope of home and community based services to Evan because of his disabling conditions. See Compl. ¶¶ 75-76.

The complaint alleges in Count IV that all of the defendants, including the movants, have violated Evan's rights under the Equal Protection Clause of the United States Constitution "by subjecting him and his guardian and parents to purposeful unequal treatment, intentional and purposeful discrimination because of the severity of his disabilities, retaliation, and deliberate indifference to his health, safety, and well-being." See Compl. ¶¶ 78-80.

Finally, the complaint alleges in Count V that all of the defendants, including the movants, have violated Evan's rights under the Due Process Clause of the United States Constitution "by failing and refusing, intentionally, and with deliberate indifference, to protect Evan's health, safety, freedom from harm, and his right to adequate habilitation." See Compl. ¶¶ 81-82.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

4

While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests," Bell Atlantic, 550 U.S. 544, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Bell Atlantic, 550 U.S. 544). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, in deciding a motion to dismiss, a court need not credit a complaint's bald assertions or legal conclusions. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-1430 (3d Cir. 1997). As the Third Circuit Court of Appeals has explained:

> Liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader. . . Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions.

General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 333 (3d Cir. 2001).

## III. DISCUSSION

A careful review of the complaint reveals that Defendant Earle is mentioned only once. In Paragraph 28, under the heading "Parties," Defendant Earle is presented as the CEO of Liberty Resources. Defendant Johnson is also mentioned in Paragraph 28 as the Assistant Director of Quality Assurance at Liberty Resources, Inc. In addition, she was mentioned in the complaint just one other time, i.e., in Paragraph 46. Paragraph 46 alleges, in pertinent part:

> At the time of his enrollment, Liberty Resources was listed as the Administrative Entity. The DHS contracted with Liberty Resources, ***Stevie Johnson***, to be the Administrative Entity and Cerebral Palsy of Chester County to provide Supports Coordination Services for the OBRA Waiver. (Emphasis added).

These paragraphs fail to assert any wrongful acts or omissions on the part of Defendants Earle and Johnson. There is a complete lack of factual allegations asserted against these defendants, which results in a failure to state a claim under any of the causes of action that have been asserted against them.

Accordingly, I will grant the motion to partially dismiss the complaint, and grant the plaintiffs leave to file an amended complaint to include any missing allegations of fact or theories of liability as they pertain to Defendants Earle and Johnson.

An appropriate Order follows.