# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVAN BIESECKER, by his Guardians and Next Friends, Wayne and Angela Biesecker, and Wayne and Angela, Individually,** | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| vs. | : | NO. 17-2586 |
| **CEREBRAL PALSY ASSOCIATION, CHESTER COUNTY DISABILITIES SERVICES, et al.,** | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, C. J.**                                                                                   July 13, 2018

Evan Biesecker, by his guardians and next friends, Wayne and Angela Biesecker, and Wayne and Angela, individually, filed this action *pro se* against many defendants alleging that they had discriminated against him by providing him with less effective treatment and services for his significant and complex disabilities. The defendants have filed four separate motions to dismiss the original complaint and five separate motions to dismiss the amended complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the following reasons, I will strike the amended complaint as untimely, and grant the motions to dismiss. Finally, I will grant the plaintiffs leave to file a second amended complaint within fourteen days, if warranted by the facts and applicable law as discussed below.

## I. BACKGROUND[1]

Evan Biesecker is a thirty-one year old adult who lives with his parents in Pottstown, Pennsylvania. Biesecker v. Cerebral Palsy Ass'n, 2018 U.S. Dist. LEXIS 43224, *2-3 (E.D. Pa. March 16, 2018). Evan has been determined eligible for Intermediate Care Facilities – Individuals with Developmental Disabilities ("ICF/IDD") waiver services in Montgomery County. Id. at *3. Evan has been diagnosed with bilateral profound deafness, intellectual disability, autism, and seizure disorder. He can read and understand roughly at a first-grade level. As such, Evan is an otherwise qualified handicapped individual under the Rehabilitation Act of 1973, and a qualified individual with disabilities under the Americans with Disabilities Act. Id.

Before moving to Pottstown, Evan and his family lived in Chester County. Id. In 2007, at the age of 22, Evan was determined eligible for the Office of Long-Term Living's OBRA Waiver,[2] and was enrolled by the Cerebral Palsy Association of Chester County. Id. At the time of enrollment, Evan required and still requires the services of sign language interpreters, and intensive communication support. Id. The complaint alleges that Evan was not provided a sign language interpreter or assistive technology

---

[1] The facts are taken from my Memorandum granting the motion to dismiss filed by Defendants Thomas Earle and Stephanie Johnson. See Biesecker v. Cerebral Palsy Ass'n, 2018 U.S. Dist. LEXIS 43224, *2-3 (E.D. Pa. March 15, 2018). Those fact were gleaned from the complaint and the extrinsic documents upon which it was based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). Again, for the purposes of these motions, the facts are presented in the light most favorable to the plaintiffs, as the non-moving parties, and are accepted as true with all reasonable inferences drawn in their favor.

[2] The Office of Long-Term Living is a program office of Pennsylvania's Department of Human Services. Its OBRA Waiver is a home and community-based waiver program that assists those with a developmental physical disability to live in the community and remain as independent as possible. See http://www.dhs.pa.gov/citizens/alternativestonursinghomes/obrawaiver.

communications supports. He was not assigned a representative. He was not provided an Independent Support Plan team, and was not allowed to participate in the Person-Centered Planning process. Id. at *3-4.

Ms. Biesecker continued to advocate for Evan, and contacted many individuals and agencies throughout Chester County to secure more services for Evan, but was met with resistance and opposition. Id. at *4. One unnamed agency advised the family to move out of Chester County because it was evident that Chester County would continue to be retaliatory towards Evan and his family. Id. The family moved to Montgomery County and began the process of securing services there. One of the advocate groups, also unnamed in the complaint, contacted in Montgomery County informed the family that the reason Evan did not receive services in Chester County was because he was "blackballed." Allegedly, the Chester County agencies retaliated against Evan because Ms. Biesecker had asked for and received a meeting with Secretary Beverly Mackereth of the Department of Human Services (formerly the Department of Public Welfare) for the Commonwealth of Pennsylvania. Id.

## II. LEGAL STANDARD

A federal court may dismiss a complaint for "insufficient service of process." See Fed.R.Civ.P. 12(b)(5). The party asserting the validity of service bears the burden of proof on that issue. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); see also White v. Green, 2009 U.S. Dist. LEXIS 92999 (E.D. Pa. Oct. 6, 2009) (In resolving a motion under Rule 12(b)(5), the party making the service has the

burden of demonstrating its validity when an objection to service has been made), aff'd, 382 F.App'x 199 (3d Cir. 2010).

## III. DISCUSSION

### A. Amended Complaint is Untimely

On March 15, 2018, I granted a motion to partially dismiss the original complaint filed by Defendants Thomas Earle and Stephanie Johnson, and allowed the plaintiffs to amend the complaint within twenty-one days, i.e., on or before April 5, 2018. See Biesecker v. Cerebral Palsy Ass'n, 2018 U.S. Dist. LEXIS 43224, *2-3 (E.D. Pa. March 15, 2018). Instead of filing the amended complaint, the plaintiffs faxed it to chambers on April 9, 2018. See Document #33. Once it became clear that the faxed document was not a courtesy copy, my staff sent the amended complaint to be docketed on April 24, 2018. Even construing April 9, 2018 as the date the plaintiffs intended to file the amended complaint, it is still four days late.

I am cognizant that the plaintiffs are *pro se* litigants, and that submissions of such parties are afforded a more liberal reading and interpretation. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has recognized, however, that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel . . . In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." McNeil v. United States, 508 U.S. 106, 113 (1993) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

Here, my Order dated March 15, 2018, plainly stated that failure to comply would result in a dismissal of the two defendants with prejudice. See Document #32. The plaintiffs failed to comply. Accordingly, I must strike the amended complaint as untimely. As the amended complaint is stricken, I will also deny as moot the recent motions to dismiss the amended complaint filed by the remaining defendants.

Even if the amended complaint were timely, however, I would still dismiss the claims against Defendants Earle and Johnson. My Order specifically stated that any amended complaint should include "missing allegations of fact or theories of liability" against Defendants Earle and Johnson. Id. Nevertheless, the amended complaint still fails to state a claim against these two defendants. As the defendants argue, the amended complaint mentions them in only three places, but fails to provide any allegations of wrongdoing on these defendants' parts. First, it alleges that Mr. Earle is the CEO of Liberty Resources. Second, it alleges that Ms. Johnson was an Assistant Director of Liberty Resources. These allegations were included in the original complaint, and thus are not new. Third, the amended complaint also mentions that Ms. Johnson signed a form received from the Cerebral Palsy Association of Chester County, but contains no further information about the form or any explanation as to how the signature could result in any liability on Ms. Johnson's part. The amended complaint fails to state any claim, cause of action, or even general wrongdoing on the part of Defendants Earle and Johnson. There are no relevant facts or theories of liability presented against them. In short, the plaintiffs offer nothing which would permit Defendants Earle and Johnson to understand what the claims against them are or how to prepare a defense. Accordingly, even if the

amended complaint were timely, I would still dismiss all claims against Defendants Earle and Johnson with prejudice for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Insufficiency of Service of Process

Next, in three motions to dismiss, several defendants argue that the original complaint should be dismissed because of insufficiency of service of process. I agree. Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, insufficiency of service of process is one basis for which a defendant may seek dismissal of a complaint. See FED.R.CIV.P. 12(b)(5). In a motion under Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue." Grand Entertainment Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). Rule 12(b)(5) permits a party to assert insufficient service of process as a defense based upon the plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(c)(1) requires a plaintiff to serve the defendant with a copy of the summons and complaint within the time allowed by Rule 4(m). Service may be properly made in any of the following ways: delivery of a copy of the summons and the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy to an agent authorized by appointment or by law to receive service of process. See

6

FED.R.CIV.P. 4(e)(2)(A)-(C). Unless service is waived, proof of service must be made to the court. See FED.R.CIV.P. 4(l)(1). Rule 4 also permits service of a complaint in any manner authorized by the law of the state where the district court is located or service is made. See FED.R.CIV.P. 4(e)(l).

1. Residents of the Commonwealth of Pennsylvania

Under Pennsylvania law, original process must be served by handing a copy of the summons and complaint to the defendant, to an adult member of the family with whom the defendant resides or who is in charge of the residence, to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which the defendant resides, or to an agent or person for the time being in charge thereof at any office or usual place of the defendant's business. See PA.R.CIV.P. 402(a)(1), (2). When a defendant resides in Pennsylvania, service by mail is not permitted.

Here, the Commonwealth of Pennsylvania, Department of Human Services; the Commonwealth of Pennsylvania, Department of Human Services, Office of Developmental Programs; Teresa Miller;[3] Nancy Thaler; Nina Wall; Beverly MacKereth; Gary Alexander; Stephen Suroviec; Dolores Frantz; Fred Lokuta; Kevin M. Friel; Jennifer Burnett; and Bonnie Rose (the "Commonwealth Defendants" for our purposes here) were served by certified mail.[4] See Document #8. Because these defendants reside

---

[3] Because she currently holds the office, Secretary Teresa Miller is substituted for Ted Dallas with respect to any official capacity claim against the Secretary. See FED.R.CIV.P. 25(d).

[4] I note that the fact that a defendant has actual notice of the lawsuit is insufficient to satisfy the requirements of Rule 4(e)(2). Mid-Continent WoodProducts, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991). Proper service must still be effected to confer personal jurisdiction, and actual

7

in Pennsylvania, such service was improper. Further, Rule 4(m) provides that "if a defendant is not served within ninety days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant." Accordingly, I will grant without prejudice the Commonwealth Defendants' motion to dismiss for insufficient service.

Further, in their motion to dismiss, the Cerebral Palsy Association Defendants, i.e., the Cerebral Palsy Association, Chester County Disabilities Services; Linda Redding; Margaret Rybinsky; and Kim Sharpe, also argue that the plaintiffs failed to properly serve them. The plaintiffs served these defendants by certified mail. See Document #4. To cure the defect, counsel for these defendants contacted Plaintiff Angela Biesecker to propose that she file an executed waiver of service of summons, but Mrs. Biesecker failed to comply. Because these defendants reside in Pennsylvania, service by certified mail was improper. Accordingly, I will grant without prejudice the Cerebral Palsy Association Defendants' motion to dismiss for insufficient service. See Rule 4(m) of the Federal Rules of Civil Procedure.

I also note, *sua sponte*, that the Chester County Defendants, i.e., County of Chester, Chester County Mental Health/Intellectual Disabilities Services, Gary Entrekin, and Bridget Thrash, were served by certified mail. See Document #7. Because these defendants reside in Pennsylvania, such service was also improper. Accordingly, the

---

knowledge of the litigation will not cure defective service. Grand Entertainment Group, 988 F.2d at 492.

8

claims against the Chester County Defendants are dismissed without prejudice for insufficient service.  See Rule 4(m) of the Federal Rules of Civil Procedure.

2.  Non-Residents of the Commonwealth of Pennsylvania

For service outside of the Commonwealth, Pennsylvania Rule of Civil Procedure 404 provides, in relevant part, that service of original process may be made "(1) by a competent adult in the manner provided by Rule 402(a); (2) by mail in the manner provided by Rule 403; (3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction." Pa.R.Civ.P. 403 provides, "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."

Here, Defendants Caring Companions, Berks County; Russell Piper; and Marisol Alvarez (the "Caring Companions Defendants" for our purposes here) also argue that service was improper.  Again, I must agree.  The complaint indicates that these defendants reside outside of the Commonwealth.  In their motion to dismiss, the Caring Companions argue:

> Plaintiffs attempted service upon Moving Defendants by sending a copy of the Summons and Complaint via certified mail to "Caring Matters" in Raleigh, North Carolina.  See Exhibit "A."  See also Court Docket at Doc. 2.  As Caring Companions no longer exists and has not existed since March 31, 2013, the address to which Plaintiffs sent the Summons and Complaint was not that of Caring Companions or Mr. Piper or Ms. Alvarez in their individual or corporate capacity for Caring Companions.  Further, Plaintiffs' certified mail was not sent to either Mr. Piper or Ms. Alvarez at their respective

> residences. See Fed.R.Civ.P. 4(e)(1). Moreover, as a
> former employee of Caring Companions from March,
> 2009 until June 30, 2010, Plaintiff Angela Biesecker
> knew that the address at which Plaintiffs attempted
> service of Moving Defendants was incorrect and not that
> of Caring Companions, Mr. Piper, or Ms. Alvarez.
> Therefore, because Plaintiffs failed to comply with the
> applicable rules to effect proper service upon Moving
> Defendants, this Court should dismiss Plaintiffs'
> Complaint.

See Document #24 at 11-12. It is the plaintiffs' burden to prove the validity of service. Grand Entertainment, 988 F.2d at 488. Unfortunately, the plaintiffs did not respond to this motion to dismiss, so there is no way of knowing why the summons and complaint were sent by certified mail to Caring Matters at an address in Raleigh, North Carolina. Thus, I must find that service for the Caring Companions Defendants was also insufficient. I will grant without prejudice their motion to dismiss for insufficient service.

**C. Other Deficiencies**

Although the claims against all of the defendants in this action are dismissed without prejudice because of insufficient service of process, I will discuss other deficiencies in the complaint for the sake of the *pro se* plaintiffs. In fashioning a second amended complaint, the plaintiffs should attempt to cure these deficiencies.

1. Representation of *Pro Se* Litigants by Non-Attorneys

As the Commonwealth Defendants argue, Evan's parents cannot by law represent Evan *pro se* in this action without counsel. In this Circuit, a non-attorney may not appear *pro se* on behalf of her incapacitated or incompetent adult son, who is the true party at

interest in the matter, even if the non-attorney serves as her son's guardian. See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed *pro se* on behalf of his children in federal court); see also Williams v. United States, 477 F.App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams' power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him *pro se* in federal court"); Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev., 42 F.App'x 535, 536 (3d Cir. 2002) (per curiam) ("Under our holding in Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 882-83 (3d Cir.1991), a guardian or parent cannot represent a mentally incompetent adult in the courts of this Circuit without retaining a lawyer"); Prater v. City of Phila. Health Dists., 2017 U.S. Dist. LEXIS 170230 (E.D. Pa. October 13, 2017) (same).

In fashioning its decision in Osei-Afriyie, the Third Circuit Court of Appeals relied on the decision of the Second Circuit Court of Appeals:

> A litigant in federal court has a right to act as his or her own counsel. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ."). The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause. The right to conduct one's own litigation "is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case."
>
> However, we agree with Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The

> choice to appear *pro se* is not a true choice for minors who under state law, see FED.R.CIV.P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
>
> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

Osei-Afriyie, 937 F.2d at 882-883 (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).

It is thus well-established that a non-lawyer guardian or parent may not represent her child in federal court where the guardian has been granted power of attorney, even though that title "may confer certain decision-making authority under state law." Williams v. United States, 477 F.App'x 9, 11 (3d Cir. 2012); see also Ferguson v. Warden Schuylkill FCI, 647 F.App'x 70, 71 (3d Cir. 2016) ("The district court correctly concluded that Varnam, a non-attorney, cannot represent Ferguson *pro se* in federal court . . . even though Varnam purported to proceed under a power of attorney.") Power of attorney confers the authority to make certain legal decisions on behalf of another. See 20 PA.C.S.A. §§ 5601-13. It does not, however, authorize the holder to act as an attorney in court. Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton, 556 F.App'x 125, 125 (3d Cir. 2014) (A party may not represent another *pro se* even where purportedly authorized by a power of attorney). While this limitation may create difficulties for litigants, it is a venerable common law rule which the court cannot ignore. Robinson v.

Derrah, 2017 U.S. Dist. LEXIS 77921, at *8 (E.D. Pa. May 23, 2017) (quoting Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998)).

Here, the complaint was signed by Wayne Biesecker and Angela Biesecker *pro se*, but not by Evan Biesecker. See Compl. ¶ 31. No attorney has entered an appearance on Evan's behalf. Although the complaint alleges that Evan is disabled with the understanding of a first grader, and that his mother is his court-appointed guardian, nothing in the Federal Rules of Civil Procedure allows Evan's parents to represent Evan in this action *pro se*, without the benefit of an attorney. Thus, if the complaint were properly before me, I would have dismissed any claim brought on behalf of Evan by his parents.

### 2. Title 42 of the United States Code, Section 1983

Count III brings a claim pursuant to 42 U.S.C. § 1983 against all defendants, and Counts IV and V bring claims pursuant to 42 U.S.C. § 1983 against all individual defendants and Chester County Mental Health/Intellectual Disabilities Services. Section 1983 provides a cause of action against any "person" who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; see also Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (under Section 1983, a plaintiff must demonstrate that his federal constitutional or statutory rights were violated by a person acting "under the color of state law.") The statute "is not itself a source of substantive rights, but a method for

vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

First, the plaintiffs failed to show that the private defendants in this case acted under color of state law. Thus, if the complaint were properly before me, I would have dismissed Defendants Russell Piper, Marisol Alvarez, Caring Companions, Margaret Rybinsky, Linda Redding, Kim Sharpe, and Cerebral Palsy Association as defendants from Counts III, IV, and V.

Second, the claims against the two individual administrators of Chester County Mental Health/Intellectual Disabilities Services, i.e., Gary Entrekin and Bridget Thrash, would have also been dismissed. It is apparent that the three Section 1983 claims have been brought against these defendants in their official capacity because there are no allegations to support any theories of individual liability. When claims are asserted against government officers in their official capacity, such claims effectively merge with claims against the real party in interest. Brandon v. Holt, 469 U.S. 464, 471 (1985) (A judgment against a public servant in his official capacity imposes liability on the entity he represents.) Dismissal of Defendants Entrekin and Thrash from Counts III, IV, and V would have therefore been appropriate.

Third, the Commonwealth Defendants argue that the court lacks jurisdiction over any Section 1983 claims against the Department of Human Services[5] or any of its employees in their official capacity for damages. Neither a State nor its officials acting in

---

[5] The Department of Human Services consists of seven executive level offices and seven different program offices. The Office of Developmental Programs (the "ODP") is one of its program offices, and as such, is also not a person under Section 1983.

their official capacities are persons under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because Congress expressed no intention of disturbing the states' sovereign immunity in enacting Section 1983, these suits, when brought against a state, are barred by the Eleventh Amendment. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996) (citing Will, 491 U.S. at 66).

Because the Department of Human Services, which includes the ODP, is not a "person" for purposes of Section 1983, any such claim against it would have been dismissed. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 255 (3d Cir. 2010). I also note that the Department's officials can only be sued under Section 1983 for prospective injunctive relief, not money damages. Quern v. Jordan, 440 U.S. 332, 337 (1979); see also Ex parte Young, 209 U.S. 123 (1908). Accordingly, if these claims against the Commonwealth Defendants were properly before me, I would have granted the motion to dismiss the Section 1983 claims against the Department of Human Services and Office of Developmental Programs, and against all Commonwealth officials being sued in their official capacity.

The original complaint also alleges claims against individual Commonwealth Defendants in their individual or personal capacities. Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Kentucky v. Graham, 473 U.S. 159, 165 (1985). To establish personal liability in a Section 1983 action, a plaintiff must show that the official, acting under color of state law, caused the deprivation of a federal right. Id. at 167. More particularly, the plaintiff

15

must allege that the defendant was personally involved in the deprivation. <u>Johnson v. Derose</u>, 349 F.App'x 679, 681 (3d Cir. 2009).

The complaint in this case lacks any factual allegations concerning Defendants Miller, Thaler, Alexander, Suroviec, Frantz, Lokuta, Friel, Wall, Burnett, and Rose. It therefore fails to allege that these individuals were personally involved in violating any of the plaintiffs' rights. Defendant Mackereth is mentioned in the complaint,[6] see ¶ 53, but the allegations concerning her would be insufficient to raise a claim that she personally caused the deprivation of any of the plaintiffs' rights. Accordingly, if the claims against the individual Commonwealth Defendants were properly before me, I would have granted their motion to dismiss the individual capacity claims brought against them under Section 1983.

### 3. Agencies of Municipalities

Next, Defendant Chester County Mental Health and Intellectual Disabilities Services is a department of Chester County, and thus is not a separate legal entity independently subject to suit. Agencies and departments of local municipalities do not maintain an existence independent from the municipality. <u>Burton v. City of Phila.</u>, 121 F.Supp.2d 810, 812 (E.D. Pa. 2000). Accordingly, if the complaint were properly before

---

[6] Paragraph 53 of the complaint indicates that Secretary Mackereth requested a case record review of Evan's case file. It further indicates that the Secretary met with Evan's mother. Finally, the complaint indicates that Secretary Mackereth assigned two of her staff to review Evan's file to provide help and direction to the family in order for Evan to get all the services he needed. These allegations hardly show a personal involvement in the deprivation of any of the plaintiffs' rights.

16

me, I would have dismissed Chester County Mental Health/Intellectual Disabilities Services as a defendant in this action.

## IV. CONCLUSION

In conclusion, the amended complaint is stricken as untimely. The motion to dismiss the amended complaint filed by Defendants Earle and Johnson is granted with prejudice. The remaining motions to dismiss the amended complaint are denied as moot. Finally, the motions to dismiss the original complaint are granted without prejudice based on insufficient service of process.

An appropriate Order follows.